IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-CV-364

| | |
|---|---|
| JOHN RICHARD JORDAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DMG AMERICA, INC., )<br>DMG CHARLOTTE INC., and )<br>DMG CHARLOTTE LLC, )<br>)<br>Defendants. )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on Defendants' Partial Motion to Dismiss Plaintiff's claim for equitable estoppel. For the reasons set out below, the Defendants' Motion is hereby **DENIED.**

**I. BACKGROUND**

Defendants DMG America Inc., DMG Charlotte, Inc. And DMG Charlotte, LLC ("DMG" or "Defendants") terminated Plaintiff John Richard Jordon's ("Jordan" or "Plaintiff") employment on or about March 9, 2009. Defendants claim Plaintiff was fired as part of a reduction in DMG's workforce. Defendants drafted a Severance Agreement (the "Agreement") in which they agreed to pay Plaintiff four weeks of compensation as severance in exchange for the Plaintiff's release of claims against the Defendants. Plaintiff altered the Agreement so that the Agreement read that Defendants would pay Plaintiff twenty-four months of compensation as severance in exchange for Plaintiff's release of claims. When the Agreement was altered and signed by each party, and the Defendants' knowledge of the change, are disputed facts. The Defendants stopped paying Plaintiff severance compensation after four weeks, and Plaintiff then

filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon his national origin. Defendants filed a letter with the EEOC stating that Jordan had executed a release of claims against the Defendants. Plaintiff claims Defendants attached a copy of the twenty-four month Agreement to the EEOC letter. As a result of the supposed Agreement between the parties, the EEOC dismissed any further investigation of Plaintiff's complaint. Plaintiff then filed the instant action.

## II. DISCUSSION

### A. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1993) (citing 5A C. Wright & A. Miller, Fed. Practice and Procedure § 1356 (1990). "[A] motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996) (en banc) (citations omitted). In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). "A complaint should not be dismissed for failure to state a claim . . . unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). This

standard must be applied to Plaintiff's equitable estoppel claim.

   **B. Equitable Estoppel**

There are several types of estoppel that the North Carolina courts have recognized. One is the traditional type of equitable estoppel that the Defendants discuss in their Motion, in which the party whose conduct or words induced the other party's reliance may be estopped from denying his earlier actions or words in fairness to the other party. See In re Will of Covington, 114 S.E.2d 257, 259 (1960); see also, Whitacre Partnership v. Biosignia, Inc., 591 S.E.2d 870, 881 (N.C. 2004) (discussing the history of the different estoppel doctrines). "Quasi-estoppel" or "estoppel by benefit" is a branch of equitable estoppel that has also been recognized by the North Carolina courts. Whitacre Partnership, 591 S.E.2d at 881. Quasi-estoppel is based upon a party's acceptance of payment or benefits in a transaction, and as a result of that acceptance the party is prevented from taking a different, inconsistent position with regard to that transaction. Id. at 882. Quasi-estoppel requires a mutuality of parties but does not require detrimental reliance per se. Id. (quoting Godley v. City of Pitt, 293 S.E.2d 167, 170 (1982)). Quasi-estoppel has been used in a variety of contexts, including settlement agreements. See Harris v. Harris, 274 S.E.2d 489 (N.C. Ct. App. 1981). Quasi-estoppel is "inherently flexible and cannot be reduced to any rigid formulation." Z.A. Sneeden's Sons, Inc. v. ZP No. 116, L.L.C., 660 S.E.2d 204 (N.C. Ct. App. 2008) (quoting Whitacre Partnership, 591 S.E.2d at 882). Thus, estoppel by benefit or quasi-estoppel does exist in North Carolina in addition to the traditional doctrine of equitable estoppel. Defendants next contend that equitable estoppel is not a valid cause of action but is instead a defense.

The pleadings requirements for equitable estoppel are somewhat convoluted. Equitable estoppel is rarely referred to as a cause of action, but the courts' language has indicated that it

may be.  In North Carolina, "a party relying upon an equitable estoppel affecting the real and substantial merits of the matter in controversy must specifically plead the estoppel or at least the facts constituting the basis of an equitable estoppel."  11A N.C. Index 4 th Estoppel § 27 (2010); see also, Allred v. Tucci, 354 S.E.2d 291, 295 (N.C. Ct. App. 1987) ("Estoppel must be affirmatively pleaded by the party relying upon it.").  The North Carolina Index also explains that "[w]hen used defensively, equitable estoppel is an affirmative defense and must be raised in the defendant's first reponsive pleading.  Id.  The requirement that equitable estoppel be specifically pleaded and the use of the word "when" in reference to the use of equitable estoppel as a defense (indicating there is a time when equitable estoppel is not used as a defense) allow the Court to infer that equitable estoppel may be pleaded as a cause of action by a plaintiff in a complaint.

### C. Analysis

The case law and treatise provide enough indication, in requiring a specific pleading for equitable estoppel, to infer that Plaintiff here pleaded a valid cause of action with his equitable estoppel claim.  A Motion to Dismiss is to test the sufficiency of the complaint and not test the merits of the claim or decide factual disputes.  The Plaintiff's equitable estoppel claim meets this requirement.  Given the scant factual record, yet taking the allegations in the Plaintiff's complaint as true, the Court feels a partial dismissal of the Plaintiff's claims is premature and inappropriate at this time.  This decision is not dispositive and these issues will be revisited at summary judgment.  In short, the situation between the parties as presented in the pleadings to date is a mess.  The facts at issue go to the heart of the matter and the record is woefully lacking here.  The Court has serious questions as to whether Plaintiff can make a claim for quasi-estoppel based upon the Defendants' receipt of benefits when the Plaintiff himself breached the Agreement upon which he purports to rely by filing a claim with the EEOC and with this Court.

Plaintiff's attempt to conflate what appears to be a simple contract dispute into something larger with the equitable estoppel claim is, as the record currently stands, unpersuasive. Nonetheless, the complaint withstands the minimal standards of Rule 12(b)(6) and further decision is premature until the record is more developed. Defendant's Partial Motion to Dismiss is hereby **DENIED**.

Signed: October 8, 2010

Graham C. Mullen
United States District Judge