# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

JOHN RICHARD JORDAN, )
)
     Plaintiff, )
)    Honorable Judge Graham Mullen
   vs. )
)    Case No.: 3:10-cv-364
DMG AMERICA, INC., DMG )
CHARLOTTE, INC., and DMG )
CHARLOTTE, LLC, )
)
     Defendants. )

## ORDER

**THIS MATTER** having come before the Court upon the parties' Motion under Federal Rule of Evidence 502(d) and (e) to enter an Order adopting the Joint Agreement Regarding Paul Derrick's Deposition, and the Court having reviewed this matter, and being otherwise fully advised:

The Court does hereby enter this Order pursuant to Federal Rules Evidence 502(d) and (e) adopting the parties agreement regarding Paul Derrick's deposition as follows: Defendants agree to waive the attorney-client privilege or any other privilege regarding the following narrow topics: (a) any conversation Mr. Derrick had with any employee at the EEOC regarding Plaintiff's EEOC Charge filed on April 7, 2010 (to the extent such conversations occurred); (b) any conversation Mr. Derrick had with DMG America, Inc's former Vice President Human Resources Laura Mueller, any other DMG America, Inc. official, or any employee of Chubb Insurance regarding the sending of the December 1, 2009 letter to the EEOC and the potential ramifications of sending the December 1, 2009 letter (to the extent such conversations occurred); (c) any conversation Mr. Derrick may have had when both the mediator and Plaintiff were present during the September 24, 2009 EEOC sponsored mediation; (d) the existence of

Mr. Derrick's correspondence with the EEOC; (e) the dates Mr. Derrick was retained and his compensation with respect to Mr. Derrick's representation of DMG America, Inc.; (f) whether or not Mr. Derrick received the EEOC's February 26, 2010 correspondence; (g) when Mr. Derrick learned that DMG America, Inc. had not paid Plaintiff twenty-four (24) months of separation pay and when Mr. Derrick learned that the twenty-four (24) month agreement was different from the proposed agreement offered by Defendants to Plaintiff; (h) Mr. Derrick's assertion in his reply brief that he sent "both" copies of the Separation Agreement and General Release of All Claims to the EEOC; (i) Mr. Derrick's knowledge of the amount of separation pay made to Plaintiff as of December 1, 2009; and (j) Mr. Derrick's investigation into Plaintiff's alleged Separation Agreement and General Release of All Claims including who was interviewed, when, and what information was obtained. Defendants preserve any and all applicable privileges as to all other topics other than those discussed in subparagraphs a to j.

This waiver, however, is limited to this lawsuit, cannot be used as a waiver in any other Federal or State proceeding, and does not operate as a broader waiver as to any other topic, or one of the enumerated topics beyond the narrow confines of the portion of that particular topic described in this Order. Further, a waiver as to one or a series of questions about a topic will not operate as a waiver of the attorney-client privilege as to further questions regarding the topic.

**THIS ORDER** is adopted and applies retroactively to 9:00 a.m., April 26, 2011.

**SO ORDERED.**

Signed: April 28, 2011

Graham C. Mullen
United States District Judge